```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF CONNECTICUT
 2     _____
                                      )
 3     JANE DOE,                      )    No. 3:15-cv-01123-AVC
                                      )    141 Church Street
 4                 vs.                )    New Haven, Connecticut
                                      )
 5     HICKS, et al.                  )    January 6, 2016
       _____)
 6
                   TRANSCRIPT OF TELEPHONIC MOTION HEARING
 7
                   BEFORE THE HONORABLE SARAH A.L. MERRIAM
 8
                     UNITED STATES MAGISTRATE JUDGE
 9
       APPEARANCES: (TELEPHONICALLY)
10
       For the Plaintiff:       ALEXANDER R. HESS, ESQ.
11                              JOHN M. STALMACK, ESQ.
                                ELLEN D. JENKINS, ESQ.
12                              RUBERRY, STALMACK & GARVEY, LLC
                                10 South LaSalle Street
13                              Suite 1800
                                Chicago, IL 60603
14
                                EDWARD F. RUBERRY, ESQ.
15                              RUBERRY, STALMACK & GARVEY, LLC
                                500 West Madison Street
16                              Suite 2300
                                Chicago, IL 60661
17
                                WILLIAM B. WYNNE, ESQ.
18                              LAWRENCE H. ADLER
                                ADLER LAW GROUP LLC
19                              111 Founders Plaza
                                Suite 1102
20                              East Hartford, CT 06108

21     For the Defendant:
                                ANDREW S. TURRET, ESQ.
22                              LAW OFFICES OF MEEHAN TURRET
                                & ROSENBAUM
23                              108 Leigus Road
                                1st Floor
24                              Wallingford, CT 06492

25
```

1

2

3      ECR Operator:              N/A

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                          Jessica Simckes
                               eScribers
24                       700 West 192nd Street
                             Suite #607
                         New York, NY 10040
25                          (973) 406-2250

1                          I N D E X

2    RULINGS:                              PAGE      LINE
     DEPOSITIONS ALLOWED FOR HICKS, PATEL
3    AND MOODY                               7        12
     WRITTEN ATTESTATION REGARDING SEARCH FOR
4    DOCUMENTS                               7        18
     THE COURT SETS A SCHEDULE FOR BRIEFING
5    ON COSTS                               13         4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                            Colloquy

 1                    (11:02 O'CLOCK, A.M.)

 2          THE COURT:  All right we're here in the matter of Doe

 3   v. Hicks.  The case number is 3:15-cv-1123, assigned to Judge

 4   Covello.  If I could have appearances of counsel for the

 5   plaintiff, please?

 6          MR. RUBERRY:  Edward Ruberry for the plaintiff Your

 7   Honor.

 8          MR. WYNNE:  William Wynne -- I'm sorry, William Wynne

 9   for the plaintiff.

10          MR. STALMACK:  Also John Stalmack and Ellen Jenkins

11   for the plaintiff.

12          THE COURT:  No Mr. Hess?

13          MR. RUBERRY:  Yeah, Alex should be there.

14          MR. ADLER:  Lawrence Adler as well, on the line.

15          THE COURT:  All right.  So everybody, all right so

16   everybody for the plaintiff that's got an appearance appears

17   to be on the line.

18          And for the defendants?

19          MR. TURRET:  Andrew Turret, Your Honor for the

20   defendant --

21          THE COURT:  All right.

22          MR. TURRET:  -- Sahil.

23          THE COURT:  All right.  So we are on this call in

24   response to motion filed by the plaintiffs on Monday.  And I

25   received a response today from defendant.

Colloquy

1          What I'm going to do rather than ask you all to make

2     arguments, having reviewed the papers, I'm going to go over

3     what I would plan to do.  And then I will -- I think that much

4     of what I'm doing is not contested, so let me propose these

5     things one by one; and after each piece I'll ask for brief

6     responses whether either party objects.  I can't promise you

7     that it will change my perspective if you do, but I will ask.

8          So first, as to the depositions.  From the papers, it

9     looked like the request was for a supplemental depo of Hicks,

10     a supplemental depo of Patel (ph.), and a deposition for the

11     first time of Moody.  It is my recollection that the 30(b)(6)

12     deposition of Sahil has not yet been conducted.  Mr. Ruberry,

13     is that right, or Mr. Hess?

14          MR. RUBERRY:  No, your --

15          MR. HESS:  No, Your Honor, we have -- I'm sorry Ed.

16          MR. RUBERRY:  Your Honor this is Ed Ruberry.  We did

17     conduct Mr. Patel's deposition, but we are asking for leave to

18     resubmit based --

19          THE COURT:  Okay, so he was the 30(b)(6) witness?

20          MR. RUBERRY:  Yes, Your Honor.

21          THE COURT:  Okay.

22          MR. RUBERRY:  Not a fact witness, 30(b)(6).

23          THE COURT:  All right, I wanted to make sure I was

24     clear on that, all right.  So Mr. Ruberry, is it just those

25     three depositions that at that point -- at this point, we are

Colloquy

1  looking to conduct?

2          MR. RUBERRY:  At this point, Your Honor, yes.

3          THE COURT:  All right.

4          MR. RUBERRY:  But if there's one thing I could add?

5          THE COURT:  Sure.

6          MR. RUBERRY:  I interviewed Mr. Moody yesterday, who

7  is the manager, who told me that there are many other

8  documents that he was aware of when he left that have not been

9  produced, including --

10          THE COURT:  Okay well, we're going to talk about --

11          MR. RUBERRY:  Okay.

12          THE COURT:  -- we're going to talk about --

13          MR. RUBERRY:  Okay.

14          THE COURT:  -- documents in a minute.

15          MR. RUBERRY:  Okay, Your Honor, to answer your

16  question, yes, that's all we know of at this point.  But we do

17  want to take Mr. Patel as a fact witness.  We took him as

18  30(b)(6) --

19          THE COURT:  Okay.

20          MR. RUBERRY:  --not as a fact witness, and we want

21  permission to do that, Your Honor.

22          THE COURT:  Okay.  Mr. Turret, do you have any

23  objection to the taking of those depositions?  It didn't look

24  like -- look to me like you did?

25          MR. TURRET:  No, Your Honor, I was not objecting to

Colloquy

1    the taking of the deposition.

2         THE COURT:  Okay, all right.  So what I'll do is

3    because it's January 6th, I don't want to set the previous

4    deadline of January 15th, but we can set a deadline of January

5    29th to complete those depositions.  Does that make sense to

6    you Mr. Ruberry?

7         MR. RUBERRY:  Yes.  Yes, Your Honor.

8         THE COURT:  And Mr. Turret?

9         MR. TURRET:  Yes, Your Honor.

10        THE COURT:  All right, so depositions -- we will add

11   to the list of the extended depositions, for now just Hicks,

12   Patel, either as a supplemental 30(b)(6) and/or as a fact

13   witness, and Moody, with the caveat that after we talk about

14   paper discovery, I will probably give the plaintiffs the right

15   to seek additional depositions if necessary.

16        So paper discovery.  What I would like to have here,

17   and again I think it's not objected to, is a written

18   attestation under oath signed by counsel and by whatever the

19   appropriate representative of Sahil is and by Hicks, setting

20   forth the nature and scope of the search conducted and

21   affirming that all responsive materials have been disclosed,

22   either by producing them or by notifying plaintiff's counsel

23   of their existence and providing an appropriate objection.

24   But I don't -- I'm not wedded to any particular form, but the

25   key elements here are: number 1, it must be signed by both

Colloquy

1   defendants and counsel; number 2, it must be under oath;

2   number 3, it must discuss the nature and scope of the efforts

3   made in the search; and number 4, it must affirm that all

4   responsive materials have been disclosed either by production

5   or by way of objection.  And that needs to be done by close of

6   business on January 13th.

7            That date is designed to give plaintiff's counsel a

8   couple of work days and then a couple of weeks before this

9   renewed deposition deadline, in case the -- in case any new

10  materials are disclosed together with the attestation that

11  would lead them to believe that additional depositions are

12  appropriate.  At the same time on January 13th -- well not at

13  the same time, but also on January 13th -- I would like the

14  defendants to respond to what is effectively a supplemental

15  request for production.  It is set forth on page 16 of the

16  plaintiff's brief at subparagraph C.  And essentially, these

17  are the documents relating to Moody's employment.  Those would

18  need to be disclosed by January 13th as well, and that's to

19  facilitate the deposition of Moody before the 29th.

20           As to those two issues, Mr. Turret, any objection?

21           MR. TURRET:  I would just like an opportunity for a

22  moment to look at what Your Honor is referring to.

23           THE COURT:  Oh sure, page 16, paragraph C.

24           And I'm using that to simply short-hand the

25  description of the documents that the plaintiffs are seeking

Colloquy

1    relating to Moody.

2         MR. TURRET:  Are we looking at their memorandum of

3    law, Your Honor, or am I looking at the wrong document?

4         THE COURT:  Document 71-1, which is the plaintiff's

5    brief in support of the motion, at page 16, subparagraph C in

6    the request for relief.  This is the motion filed Monday.

7         MR. TURRET:  Okay, and I'm looking at it, Your Honor.

8    While I don't have a problem with the stuff that's related to

9    this case which I think is ninety-nine percent of what it says

10   in that paragraph, it also refers broadly to Moody's

11   employment file.

12        THE COURT:  I'm sorry, Moody's what?

13        MR. TURRET:  I think it broadly refers to Moody's

14   employment file.  And maybe I'm mistaken --

15        THE COURT:  No, you're right, it's a general request

16   about his employment?

17        MR. TURRET:  My concern, Your Honor --

18        THE COURT:  Yup.

19        MR. TURRET:  -- is under the Connecticut General

20   Statute -- and he's a former employee too so I can't speak to

21   see this, but in general employment information and certain

22   employment information is protected.  I don't have a problem

23   with the concept of anything related to Mr. Moody's hiring,

24   training, and supervision of Hicks or anything related to

25   documentation related to security cameras.  Those I'd assume

Colloquy

 1   would be pertinent things that they're looking for.  My

 2   concern is the broad request concerning his employment file,

 3   if that's part of this.  Maybe I'm misunderstanding the

 4   request, but if they're just --

 5          THE COURT:  Okay, let's just ask Mr. Ruberry then.

 6   Mr. Ruberry, are you asking in this case Moody's whole

 7   personnel file, or really are you looking for Moody's

 8   relationship to Hicks and relationship to the crime prevention

 9   and monitoring and security cameras?

10          MR. RUBERRY:  Your Honor, we're looking for Moody's

11   entire employment file.  And I'll explain the need for it; and

12   we would agree to put things under a protective order.  As I

13   said before, Your Honor, I'm very -- after being in your

14   courtroom and having a chance to meet with you, I'm very

15   cognizant of the high standard you expect us to conduct

16   ourselves, and I'm attempting to do that.  Being Irish, it's

17   kind of tough.

18          But here's the thing, Judge.  I spoke to Moody

19   yesterday and here's what my problem is.  He told me -- and I

20   was on the phone with Alex Hess -- that he had employment

21   files for everybody in the place and that he'd put them

22   together; and they were in his office when he left.  He told

23   me there were documents about security cameras that were there

24   when he left.  And he told me that there was an employee

25   handbook that would govern this type of protocol.  He further

Colloquy

1    said that after the incident, that he wrote memos or e-mails

2    to third parties and they wrote them to him.  None of this

3    stuff has been produced, Judge.

4              THE COURT:  Okay, so --

5              MR. RUBERRY:  Not a single page.

6              THE COURT:  -- so much of that would be responsive to

7    requests already made, and there a second search and an

8    attestation will be done.  So the policy hand out that Patel

9    referred to, obviously -- well maybe not obviously, but I am

10   including that.  What I'm asking about is Moody's own

11   personnel file.

12             MR. RUBERRY:  Yes; and I'll tell you why.  He was the

13   manager; and I'd like to know what was in there.  Did he

14   criticize the lack of security?  He told us there had been a

15   security guard, but the guy died and they didn't hire a new

16   one.  I don't know what's in there.

17             THE COURT:  Okay.

18             MR. RUBERRY:  So yes we'd put a protective order, but

19   we think he seems to be the key guy.

20             THE COURT:  All right.  So the request that's being

21   made Mr. Turret, is for -- you are correct in reading that,

22   that they are asking for the personnel file; and you should,

23   to the extent you believe that's not discoverable, you should

24   make an appropriate objection.  And again I would need that by

25   the 13th.  And I will commit to you all that we will -- we'll

Colloquy

1   set a conference call and will respond to that immediately.

2   But it sounds to me like the objection that's coming, Mr.

3   Ruberry, is pretty clear so that you all can prepare; that the

4   claim is that there are protected documents in a personnel

5   file.  I will give you the heads-up Mr. Turret that if you

6   review the personnel file and you find that there are

7   statements and comments in there relating to the security at

8   the hotel, I'm almost certainly going to order those

9   disclosed.

10          And I would ask that on the 13th when you provide the

11   responses to this request and any objections that you file

12   under seal with the Court for in-camera review, a copy of any

13   documents you're withholding under the objections, so that the

14   Court can review those in-camera and make a determination as

15   soon as possible whether they should be disclosed.

16          MR. TURRET:  Okay.

17          THE COURT:  All right?  As to -- I've already granted

18   the motion to seal the exhibit that inadvertently included

19   some personal information.  And counsel you'll file a redacted

20   for the -- our sealing rule here in the local rules requires a

21   redacted version to be filed, so you can just file a redacted

22   version, so that's covered.

23          And then, in terms of costs, what I will do is, I

24   will give Mr. Turret an opportunity to respond to the request

25   for costs so that I can make a fully informed decision.

Colloquy

1    Defendants' briefing on the question of whether the cost of

2    the additional -- of the motion and of the additional

3    deposition should be borne by defendants is due by January

4    25th.

5              Plaintiffs shall file an affidavit of costs that

6    they're seeking and any reply to the defendants' argument by

7    February 5th.  And again I'll act on those things as quickly

8    as I can.

9              It appears that since you all will be having at least

10   three depositions in Connecticut in the coming three to four

11   weeks, I think that would be -- we could use that efficiently,

12   Mr. Ruberry and Mr. Hess and whoever else is present in

13   Connecticut on behalf of the plaintiff, to have what I have

14   been contemplating having for some time, which is an in-person

15   conference at which Ms. Hicks and the representatives of Sahil

16   appear.

17             Plaintiff -- the individual plaintiff will not be

18   required to appear.  The purpose of the conference will be to

19   confirm various issues, but also -- and this is -- I have done

20   this before so it's not the first time, I'm not singling

21   anybody out, but it's to ensure that the parties themselves

22   understand the sanctions that have been sought and the

23   potential for sanctions to enter that could both go to the

24   merits and to costs.  And I like to have parties here in the

25   courtroom so I can advise them directly, so that there's no

Colloquy

1    confusion if sanctions are entered that they -- as to whether

2    they understood that they were a possibility.

3              So what I'll ask you all to do is to file with the

4    Court a notice informing me when you have calendered these

5    depos, and what I will do is, as soon as I get that I'll get

6    in my calendar and I'll figure out -- you know give me as

7    detailed a schedule as you all can for when you're going to be

8    in Connecticut and when you're all going to be convening

9    anyway, and I will build a time around that for you all to

10   come in here and have an in-person conference to make sure

11   we're on track.  And my goal for that would be to be towards

12   the end of January.  So probably, whatever your last

13   deposition is that you expect to take here in Connecticut, I

14   would have you all in for a conference around that time.

15             MR. RUBERRY:  Your --

16             THE COURT:  But we'll have to cross that bridge when

17   we come to it.

18             MR. RUBERRY:  Your Honor, Ed Ruberry.  We'll be there

19   any day of January that's convenient for the Court.

20             THE COURT:  Yeah, I don't want you getting on planes

21   more than necessary so, that's my -- my hope is that we can

22   make it work that you're all already here.

23             I think that addresses all of the issues in the

24   motion.  Is there anything -- so I guess to be clear, I'm

25   entering these orders of what needs to get done.  I am not

Colloquy

1    ruling on the sanctions at the point.  I am waiting for a

2    fuller response.  Mr. Turret's response to the substantive

3    request for action, I think was appropriate; but I want to

4    give him an opportunity for a fuller response to the other

5    requests for sanctions before I act on that.  But I don't

6    want -- didn't want to hesitate in moving forward on the

7    action items that had to get done.

8            So was there anything else that the parties believe

9    we need to do today to move things along?

10           MR. RUBERRY:  Your Honor, Ed Ruberry.  You've covered

11   everything, but I just have one question for clarification.

12           THE COURT:  Sure.

13           MR. RUBERRY:  In the past you've said if either party

14   wanted to speak about settlement, we could approach you ex-

15   parte?

16           THE COURT:  Yup.

17           MR. RUBERRY:  Can we do that by e-mail or phone?  So

18   I'd just like to know what would be the best way to

19   communicate with the Court.

20           THE COURT:  Sure, you can either call chambers

21   directly, that's 203-773-2022, is the main chambers number.

22   The law clerk on this case is Attorney Katz, K-A-T-Z.  That's

23   probably the easiest thing, is just to call attorney Katz; and

24   again, that can be ex-parte.  I will -- I know that all of you

25   understand that we would keep any ex-parte discussions about

Colloquy

1    settlements, separate -- very separate from any case

2    management discussions that we're doing on the record here.

3    And so I'm not -- I don't have any concern about that; it's

4    often that these two roles go hand in hand.  But yeah, I

5    encourage either one of you if you are interested in further

6    discussions to contact chambers and we'll reach out and find a

7    way to try to facilitate whatever we can.

8         MR. RUBERRY:  Thank you, Judge.  That's all I -- from

9    the plaintiff's side that's all we need, Judge.  Thank you.

10        THE COURT:  And Mr. Turret?

11        MR. TURRET:  Yes, Your Honor.  One issue that arose

12   in the recent set of depositions was we learned about some

13   prior medical treatment that the plaintiff had that appears to

14   be potentially relevant to her medical condition.  And I have

15   yet to a file a motion or get a response, but I'm unclear at

16   this moment if plaintiff's counsel is planning to provide us

17   with those prior records or not.  And I don't mean to put them

18   on the spot in front of Your Honor; I'm just inquiring the

19   manner I should proceed if they're not.  After today should I

20   be filing another motion, should I be contacting the Court for

21   another conference?

22        THE COURT:  If you contact plaintiff -- well unless

23   Mr. Ruberry, you have an answer on the spot, which I'm not

24   going to require you to give me.

25        MR. RUBERRY:  I'd have to speak with -- Your Honor, I

Colloquy

1    really don't know what counsel's talking about.

2              THE COURT:  Okay.

3              MR. RUBERRY:  But I'll speak with them.

4              THE COURT:  All right.

5              MR. RUBERRY:  But if get an answer, I'll give it to

6    you, Judge.

7              THE COURT:  All right, so why don't you two

8    communicate about that in whatever form you find conducive to

9    cooperation.  And I'll just tell you, Mr. Turret, that if you

10   expect to file a motion to compel, you should do it quickly so

11   that I can act on it and we can address it, if it's necessary,

12   at this conference we have some time later in the month.

13             MR. TURRET:  Thank you, Your Honor.

14             THE COURT:  All right?  All right, then again, you

15   should all feel free to reach out to chambers ex-parte if

16   there's a settlement question or to notify the Court by ECF

17   filing if you need further assistance with case management.

18   As soon as we -- we will do a written order as well, by the

19   way, summarizing everything we've done today, so that there

20   won't be any confusion about the deadlines.  And as soon as we

21   get notice of the dates of your depositions here in

22   Connecticut, we will set a conference date that accommodates

23   that schedule, all right?

24             All right.

25             MR. RUBERRY:  Judge?

Colloquy

1          THE COURT:  Yes.

2          MR. RUBERRY:  Ed Ruberry.  Thank you for your time.

3          THE COURT:  You're welcome.  Have a good day.

4          MR. TURRET:  Your Honor, thank you.

5          THE COURT:  We'll stand in recess.

6          (Whereupon the above matter was adjourned at 11:21

7    o'clock, a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3       I, Jessica Simckes, Official Court Transcriber for the

4  United States District Court for the District of Connecticut,

5  do hereby certify that the foregoing pages are a true and

6  accurate transcription of the proceedings in the

7  aforementioned matter to the best of my skill and ability.

8

9

10  Date:  February 6, 2016

11

12

13              *Jessica Simckes*

14

15        _____

16                   JESSICA SIMCKES

17                   eScribers, LLC
            700 West 192nd Street, Ste. #607
18                 New York, NY 10040
                     (973)406-2250
19             operations@escribers.net

20

21

22

23

24

25

JANE DOE v.
HICKS, et al.

No. 3:15-cv-01123-AVC
January 6, 2016

## A

**above (1)**
18:6
**accommodates (1)**
17:22
**act (3)**
13:7;15:5;17:11
**action (2)**
15:3,7
**add (2)**
6:4;7:10
**additional (4)**
7:15;8:11;13:2,2
**address (1)**
17:11
**addresses (1)**
14:23
**adjourned (1)**
18:6
**Adler (2)**
4:14,14
**advise (1)**
13:25
**affidavit (1)**
13:5
**affirm (1)**
8:3
**affirming (1)**
7:21
**again (5)**
7:17;11:24;13:7;
15:24;17:14
**agree (1)**
10:12
**Alex (1)**
4:13;10:20
**almost (1)**
12:8
**along (1)**
15:9
**and/or (1)**
7:12
**Andrew (1)**
4:19
**appear (2)**
13:16,18
**appearance (1)**
4:16
**appearances (1)**
4:4
**appears (3)**
4:16;13:9;16:13
**approach (1)**
15:14
**appropriate (5)**
7:19,23;8:12;11:24;
15:3
**argument (1)**
13:6
**arguments (1)**
5:2

**arose (1)**
16:11
**around (2)**
14:9,14
**assigned (1)**
4:3
**assistance (1)**
17:17
**assume (1)**
9:25
**attempting (1)**
10:16
**attestation (3)**
7:18;8:10;11:8
**Attorney (2)**
15:22,23
**aware (1)**
6:8

## B

**based (1)**
5:18
**behalf (1)**
13:13
**best (1)**
15:18
**borne (1)**
13:3
**both (2)**
7:25;13:23
**bridge (1)**
14:16
**brief (3)**
5:5;8:16;9:5
**briefing (1)**
13:1
**broad (1)**
10:2
**broadly (2)**
9:10,13
**build (1)**
14:9
**business (1)**
8:6

## C

**calendar (1)**
14:6
**calendared (1)**
14:4
**call (4)**
4:23;12:1;15:20,23
**cameras (3)**
9:25;10:9,23
**can (15)**
7:4;12:3,14,21,25;
13:8,25;14:7,21;15:17,
20,24;16:7;17:11,11
**case (8)**
4:3;8:9,9;9:9;10:6;
15:22;16:1;17:17

**caveat (1)**
7:13
**certain (1)**
9:21
**certainly (1)**
12:8
**chambers (4)**
15:20,21;16:6;17:15
**chance (1)**
10:14
**change (1)**
5:7
**claim (1)**
12:4
**clarification (1)**
15:11
**clear (3)**
5:24;12:3;14:24
**clerk (1)**
15:22
**close (1)**
8:5
**cognizant (1)**
10:15
**coming (2)**
12:2;13:10
**comments (1)**
12:7
**commit (1)**
11:25
**communicate (2)**
15:19;17:8
**compel (1)**
17:10
**complete (1)**
7:5
**concept (1)**
9:23
**concern (3)**
9:17;10:2;16:3
**concerning (1)**
10:2
**condition (1)**
16:14
**conducive (1)**
17:8
**conduct (3)**
5:17;6:1;10:15
**conducted (2)**
5:12;7:20
**conference (8)**
12:1;13:15,18;14:10,
14;16:21;17:12,22
**confirm (1)**
13:19
**confusion (2)**
14:1;17:20
**Connecticut (6)**
9:19;13:10,13;14:8,
13;17:22
**contact (2)**
16:6,22
**contacting (1)**

16:20
**contemplating (1)**
13:14
**contested (1)**
5:4
**convenient (1)**
14:19
**convening (1)**
14:8
**cooperation (1)**
17:9
**copy (1)**
12:12
**cost (1)**
13:1
**costs (4)**
12:23,25;13:5,24
**counsel (7)**
4:4;7:18,22;8:1,7;
12:19;16:16
**counsel's (1)**
17:1
**couple (2)**
8:8,8
**COURT (50)**
4:2,12,15,21,23;5:19,
21,23;6:3,5,10,12,14,
19,22;7:2,8,10;8:23;
9:4,12,15,18;10:5;11:4,
6,17,20;12:12,14,17;
14:4,16,19,20;15:12,
16,19,20;16:10,20,22;
17:2,4,7,14,16;18:1,3,5
**courtroom (2)**
10:14;13:25
**Covello (1)**
4:4
**covered (2)**
12:22;15:10
**crime (1)**
10:8
**criticize (1)**
11:14
**cross (1)**
14:16

## D

**date (2)**
8:7;17:22
**dates (1)**
17:21
**day (2)**
14:19;18:3
**days (1)**
8:8
**deadline (3)**
7:4,4;8:9
**deadlines (1)**
17:20
**decision (1)**
12:25
**defendant (2)**

16:20
4:20,25
**defendants (4)**
4:18;8:1,14;13:3
**Defendants' (2)**
13:1,6
**depo (2)**
5:9,10
**depos (1)**
14:5
**deposition (8)**
5:10,12,17;7:1;8:9,
19;13:3;14:13
**depositions (11)**
5:8,25;6:23;7:5,10,
11,15;8:11;13:10;
16:12;17:21
**description (1)**
8:25
**designed (1)**
8:7
**detailed (1)**
14:7
**determination (1)**
12:14
**died (1)**
11:15
**directly (2)**
13:25;15:21
**disclosed (6)**
7:21;8:4,10,18;12:9,
15
**discoverable (1)**
11:23
**discovery (2)**
7:14,16
**discuss (1)**
8:2
**discussions (3)**
15:25;16:2,6
**document (2)**
9:3,4
**documentation (1)**
9:25
**documents (7)**
6:8,14;8:17,25;
10:23;12:4,13
**Doe (1)**
4:2
**done (6)**
8:5;11:8;13:19;
14:25;15:7;17:19
**due (1)**
13:3

## E

**easiest (1)**
15:23
**ECF (1)**
17:16
**Ed (2)**
5:15,16;14:18;15:10;
18:2

**Edward (1)**
4:6
**effectively (1)**
8:14
**efficiently (1)**
13:11
**efforts (1)**
8:2
**either (7)**
5:6;7:12,22;8:4;
15:13,20;16:5
**elements (1)**
7:25
**Ellen (1)**
4:10
**else (3)**
13:12;15:8
**e-mail (1)**
15:17
**e-mails (1)**
11:1
**employee (2)**
9:20;10:24
**employment (9)**
8:17;9:11,14,16,21,
22;10:2,11,20
**encourage (1)**
16:5
**end (1)**
14:12
**ensure (1)**
13:21
**enter (1)**
13:23
**entered (1)**
14:1
**entering (1)**
14:25
**entire (1)**
10:11
**essentially (1)**
8:16
**everybody (3)**
4:15,16;10:21
**ex- (1)**
15:14
**exhibit (1)**
12:18
**existence (1)**
7:23
**ex-parte (3)**
15:24,25;17:15
**expect (3)**
10:15;14:13;17:10
**explain (1)**
10:11
**extended (1)**
7:11
**extent (1)**
11:23

**F**

**facilitate (2)**
8:19;16:7
**fact (4)**
5:22;6:17,20;7:12
**February (1)**
13:7
**feel (1)**
17:15
**figure (1)**
14:6
**file (16)**
9:11,14;10:2,7,11;
11:11,22;12:5,6,11,19,
21;13:5;14:3;16:15;
17:10
**filed (3)**
4:24;9:6;12:21
**files (1)**
10:21
**filing (2)**
16:20;17:17
**find (3)**
12:6;16:6;17:8
**first (3)**
5:8,11;13:20
**form (2)**
7:24;17:8
**former (1)**
9:20
**forth (2)**
7:20;8:15
**forward (1)**
15:6
**four (1)**
13:10
**free (1)**
17:15
**front (1)**
16:18
**fuller (2)**
15:2,4
**fully (1)**
12:25
**further (3)**
10:25;16:5;17:17

**G**

**general (3)**
9:15,19,21
**goal (1)**
14:11
**good (1)**
18:3
**govern (1)**
10:25
**granted (1)**
12:17
**guard (1)**
11:15
**guess (1)**
14:24
**guy (2)**

11:15,19

**H**

**hand (3)**
11:8;16:4,4
**handbook (1)**
10:25
**heads-up (1)**
12:5
**here's (2)**
10:18,19
**hesitate (1)**
15:6
**Hess (5)**
4:12;5:13,15;10:20;
13:12
**Hicks (7)**
4:3;5:9;7:11,19;
9:24;10:8;13:15
**high (1)**
10:15
**hire (1)**
11:15
**hiring (1)**
9:23
**Honor (24)**
4:7,19;5:15,16,20;
6:2,15,21,25;7:7,9;
8:22;9:3,7,17;10:10,
13;14:18;15:10;16:11,
18,25;17:13;18:4
**hope (1)**
14:21
**hotel (1)**
12:8

**I**

**immediately (1)**
12:1
**inadvertently (1)**
12:18
**in-camera (2)**
12:12,14
**incident (1)**
11:1
**included (1)**
12:18
**including (2)**
6:9;11:10
**individual (1)**
13:17
**information (3)**
9:21,22;12:19
**informed (1)**
12:25
**informing (1)**
14:4
**in-person (2)**
13:14;14:10
**inquiring (1)**
16:18

**interested (1)**
16:5
**interviewed (1)**
6:6
**Irish (1)**
10:16
**issue (1)**
16:11
**issues (3)**
8:20;13:19;14:23
**items (1)**
15:7

**J**

**January (10)**
7:3,4,4;8:6,12,13,18;
13:3;14:12,19
**Jenkins (1)**
4:10
**John (1)**
4:10
**Judge (7)**
4:3;10:18;11:3;16:8,
9;17:6,25

**K**

**Katz (2)**
15:22,23
**K-A-T-Z (1)**
15:22
**keep (1)**
15:25
**key (2)**
7:25;11:19
**kind (1)**
10:17

**L**

**lack (1)**
11:14
**last (1)**
14:12
**later (1)**
17:12
**law (2)**
9:3;15:22
**Lawrence (1)**
4:14
**lead (1)**
8:11
**learned (1)**
16:12
**least (1)**
13:9
**leave (1)**
5:17
**left (3)**
6:8;10:22,24
**line (2)**
4:14,17

**list (1)**
7:11
**local (1)**
12:20
**look (3)**
6:23,24;8:22
**looked (1)**
5:9
**looking (7)**
6:1;9:2,3,7;10:1,7,10

**M**

**main (1)**
15:21
**management (2)**
16:2;17:17
**manager (2)**
6:7;11:13
**manner (1)**
16:19
**many (1)**
6:7
**materials (3)**
7:21;8:4,10
**matter (2)**
4:2;18:6
**maybe (3)**
9:14;10:3;11:9
**mean (1)**
16:17
**medical (2)**
16:13,14
**meet (1)**
10:14
**memorandum (1)**
9:2
**memos (1)**
11:1
**merits (1)**
13:24
**minute (1)**
6:14
**mistaken (1)**
9:14
**misunderstanding (1)**
10:3
**moment (2)**
8:22;16:16
**Monday (2)**
4:24;9:6
**monitoring (1)**
10:9
**month (1)**
17:12
**Moody (6)**
5:11;6:6;7:13;8:19;
9:1;10:18
**Moody's (9)**
8:17;9:10,12,13,23;
10:6,7,10;11:10
**more (1)**
14:21

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

**motion (9)**
4:24;9:5,6;12:18;
13:2;14:24;16:15,20;
17:10
**move (1)**
15:9
**moving (1)**
15:6
**much (2)**
5:3;11:6
**must (4)**
7:25;8:1,2,3

**N**

**nature (2)**
7:20;8:2
**necessary (3)**
7:15;14:21;17:11
**need (6)**
8:18;10:11;11:24;
15:9;16:9;17:17
**needs (2)**
8:5;14:25
**new (2)**
8:9;11:15
**ninety-nine (1)**
9:9
**None (1)**
11:2
**notice (2)**
14:4;17:21
**notify (1)**
17:16
**notifying (1)**
7:22
**number (6)**
4:3;7:25;8:1,2,3;
15:21

**O**

**oath (2)**
7:18;8:1
**objected (1)**
7:17
**objecting (1)**
6:25
**objection (6)**
6:23;7:23;8:5,20;
11:24;12:2
**objections (2)**
12:11,13
**objects (1)**
5:6
**obviously (2)**
11:9,9
**O'CLOCK (2)**
4:1;18:7
**office (1)**
10:22
**often (1)**
16:4

**one (7)**
5:5,5;6:4;11:16;
15:11;16:5,11
**opportunity (3)**
8:21;12:24;15:4
**order (4)**
10:12;11:18;12:8;
17:18
**orders (1)**
14:25
**ourselves (1)**
10:16
**out (5)**
11:8;13:21;14:6;
16:6;17:15
**over (1)**
5:2
**own (1)**
11:10

**P**

**page (4)**
8:15,23;9:5;11:5
**paper (2)**
7:14,16
**papers (2)**
5:2,8
**paragraph (2)**
8:23;9:10
**part (1)**
10:3
**parte (1)**
15:15
**particular (1)**
7:24
**parties (4)**
11:2;13:21,24;15:8
**party (2)**
5:6;15:13
**past (1)**
15:13
**Patel (4)**
5:10;6:17;7:12;11:8
**Patel's (1)**
5:17
**percent (1)**
9:9
**permission (1)**
6:21
**personal (1)**
12:19
**personnel (5)**
10:7;11:11,22;12:4,6
**perspective (1)**
5:7
**pertinent (1)**
10:1
**ph (1)**
5:10
**phone (2)**
10:20;15:17
**piece (1)**

5:5
**place (1)**
10:21
**plaintiff (10)**
4:5,6,9,11,16;13:13,
17,17;16:13,22
**plaintiffs (4)**
4:24;7:14;8:25;13:5
**plaintiff's (6)**
7:22;8:7,16;9:4;16:9,
16
**plan (1)**
5:3
**planes (1)**
14:20
**planning (1)**
16:16
**please (1)**
4:5
**point (5)**
5:25,25;6:2,16;15:1
**policy (1)**
11:8
**possibility (1)**
14:2
**possible (1)**
12:15
**potential (1)**
13:23
**potentially (1)**
16:14
**prepare (1)**
12:3
**present (1)**
13:12
**pretty (1)**
12:3
**prevention (1)**
10:8
**previous (1)**
7:3
**prior (2)**
16:13,17
**probably (3)**
7:14;14:12;15:23
**problem (3)**
9:8,22;10:19
**proceed (1)**
16:19
**produced (2)**
6:9;11:3
**producing (1)**
7:22
**production (2)**
8:4,15
**promise (1)**
5:6
**propose (1)**
5:4
**protected (2)**
9:22;12:4
**protective (2)**
10:12;11:18

**protocol (1)**
10:25
**provide (2)**
12:10;16:16
**providing (1)**
7:23
**purpose (1)**
13:18
**put (4)**
10:12,21;11:18;
16:17

**Q**

**quickly (2)**
13:7;17:10

**R**

**rather (1)**
5:1
**reach (2)**
16:6;17:15
**reading (1)**
11:21
**really (2)**
10:7;17:1
**received (1)**
4:25
**recent (1)**
16:12
**recess (1)**
18:5
**recollection (1)**
5:11
**record (1)**
16:2
**records (1)**
16:17
**redacted (3)**
12:19,21,21
**referred (1)**
11:9
**referring (1)**
8:22
**refers (2)**
9:10,13
**related (4)**
9:8,23,24,25
**relating (3)**
8:17;9:1;12:7
**relationship (2)**
10:8,8
**relevant (1)**
16:14
**relief (1)**
9:6
**renewed (1)**
8:9
**reply (1)**
13:6
**representative (1)**
7:19

**representatives (1)**
13:15
**request (10)**
5:9;8:15;9:6,15;10:2,
4;11:20;12:11,24;15:3
**requests (2)**
11:7;15:5
**require (1)**
16:24
**required (1)**
13:18
**requires (1)**
12:20
**respond (3)**
8:14;12:1,24
**response (6)**
4:24;25;15:2,2,4;
16:15
**responses (2)**
5:6;12:11
**responsive (3)**
7:21;8:4;11:6
**resubmit (1)**
5:18
**review (3)**
12:6,12,14
**reviewed (1)**
5:2
**right (21)**
4:2,15,15,21,23;5:13,
23,24;6:3;7:2,10,14;
9:15;11:20;12:17;17:4,
7,14,14,23,24
**roles (1)**
16:4
**Ruberry (42)**
4:6,6,13;5:12,14,16,
16,20,22,24;6:2,4,6,11,
13,15,20;7:6,7;10:5,6,
10;11:5,12,18;12:3;
13:12;14:15,18,18;
15:10,10,13,17;16:8,
23,25;17:3,5,25;18:2,2
**rule (1)**
12:20
**rules (1)**
12:20
**ruling (1)**
15:1

**S**

**Sahil (4)**
4:22;5:12;7:19;
13:15
**same (2)**
8:12,13
**sanctions (5)**
13:22,23;14:1;15:1,5
**schedule (2)**
14:7;17:23
**scope (2)**
7:20;8:2

JANE DOE v.
HICKS, et al.

No. 3:15-cv-01123-AVC
January 6, 2016

**seal (2)**
12:12,18
**sealing (1)**
12:20
**search (3)**
7:20;8:3;11:7
**second (1)**
11:7
**security (6)**
9:25;10:9,23;11:14,
15;12:7
**seek (1)**
7:15
**seeking (2)**
8:25;13:6
**seems (1)**
11:19
**sense (1)**
7:5
**separate (2)**
16:1,1
**set (6)**
7:3,4;8:15;12:1;
16:12;17:22
**setting (1)**
7:19
**settlement (2)**
15:14;17:16
**settlements (1)**
16:1
**shall (1)**
13:5
**short-hand (1)**
8:24
**side (1)**
16:9
**signed (2)**
7:18,25
**simply (1)**
8:24
**single (1)**
11:5
**singling (1)**
13:20
**soon (4)**
12:15;14:5;17:18,20
**sorry (3)**
4:8;5:15;9:12
**sought (1)**
13:22
**sounds (1)**
12:2
**speak (4)**
9:20;15:14;16:25;
17:3
**spoke (1)**
10:18
**spot (2)**
16:18,23
**STALMACK (2)**
4:10,10
**stand (1)**
18:5

**standard (1)**
10:15
**statements (1)**
12:7
**Statute (1)**
9:20
**stuff (2)**
9:8;11:3
**subparagraph (2)**
8:16;9:5
**substantive (1)**
15:2
**summarizing (1)**
17:19
**supervision (1)**
9:24
**supplemental (4)**
5:9,10;7:12;8:14
**support (1)**
9:5
**sure (6)**
5:23;6:5;8:23;14:10;
15:12,20

**T**

**talk (3)**
6:10,12;7:13
**talking (1)**
17:1
**terms (1)**
12:23
**third (1)**
11:2
**three (3)**
5:25;13:10,10
**today (4)**
4:25;15:9;16:19;
17:19
**together (2)**
8:10;10:22
**told (5)**
6:7;10:19,22,24;
11:14
**took (1)**
6:17
**tough (1)**
10:17
**towards (1)**
14:11
**track (1)**
14:11
**training (1)**
9:24
**treatment (1)**
16:13
**try (1)**
16:7
**Turret (23)**
4:19,19,22;6:22,25;
7:8,9,8:20,21;9:2,7,13,
17,19;11:21;12:5,16,
24;16:10,11;17:9,13;

18:4
**Turret's (1)**
15:2
**two (3)**
8:20;16:4;17:7
**type (1)**
10:25

**U**

**unclear (1)**
16:15
**under (6)**
7:18;8:1;9:19;10:12;
12:12,13
**understood (1)**
14:2
**unless (1)**
16:22
**use (1)**
13:11
**using (1)**
8:24

**V**

**various (1)**
13:19
**version (2)**
12:21,22

**W**

**waiting (1)**
15:1
**way (4)**
8:5;15:18;16:7;
17:19
**wedded (1)**
7:24
**weeks (2)**
8:8;13:11
**welcome (1)**
18:3
**what's (1)**
11:16
**Whereupon (1)**
18:6
**whole (1)**
10:6
**William (2)**
4:8,8
**withholding (1)**
12:13
**witness (5)**
5:19,22;6:17,20;7:13
**work (2)**
8:8;14:22
**written (2)**
7:17;17:18
**wrong (1)**
9:3
**wrote (2)**

11:1,2
**Wynne (3)**
4:8,8,8

**Y**

**yesterday (2)**
6:6;10:19
**Yup (2)**
9:18;15:16

**1**

**1 (1)**
7:25
**11:02 (1)**
4:1
**13th (6)**
8:6,12,13,18;11:25;
12:10
**15th (1)**
7:4
**16 (3)**
8:15,23;9:5

**2**

**2 (1)**
8:1
**203-773-2022 (1)**
15:21
**25th (1)**
13:4
**29th (2)**
7:5;8:19

**3**

**3 (1)**
8:2
**3:15-cv-1123 (1)**
4:3
**30b6 (5)**
5:11,19,22;6:18;7:12

**4**

**4 (1)**
8:3

**5**

**5th (1)**
13:7

**6**

**6th (1)**
7:3

**7**

**71-1 (1)**

9:4