```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
JANE DOE                      :    Civil No. 3:15CV01123(AVC)
                              :
v.                            :
                              :
HICKS, et al.                 :    March 1, 2016
                              :
------------------------------x
```

## ORDER STRIKING OBJECTION [Doc. #101]

Since December of 2015, the undersigned has been managing this litigation to ensure that, in light of plaintiff Jane Doe's ("plaintiff") advanced age and other factors, this matter comes to a timely resolution. See Doc. ##47, 49, 61, 71, 79, 85, 89. In that regard, the Court has now held three conferences, two of which have been in person, and has entered several scheduling orders, including a "Final Scheduling Order," which issued following this Court's January 27, 2016, in-person case management and discovery status conference. [Doc. #91].

During the January 27, 2016, in-person case management and discovery status conference, the Court addressed then-pending discovery disputes and the potential for the imposition of sanctions as briefed in plaintiff's Emergency Motion for Sanctions or, in the Alternative, for Relief from Amended Scheduling Order and for Telephonic Hearing. [Doc. #71]. Attorneys Edward Ruberry, John Stalmack and William Wynne, counsel for plaintiff, and

1

Attorney Andrew Turret, counsel for defendants Sahil, Inc. ("Sahil") and Angel Hicks ("Hicks") (Sahil and Hicks are hereinafter collectively referred to as the "defendants"), participated in this conference.

During the January 27, 2016, in-person conference the Court verbally set a briefing schedule for <u>all</u> motions relating to discovery, including a deadline of **February 12, 2016,** for the parties to file <u>all</u> motions relating to discovery (including without limitation, any motions to compel, for protective order, and/or for sanctions), and a deadline of **February 24, 2016,** for the parties to file their response(s) to any such discovery motion(s). Counsel for the parties verbally confirmed their understanding of this firm briefing schedule. This briefing schedule was then memorialized in writing in the Court's Memorandum of January 27, 2016, Conference and Final Scheduling Order. [Doc. #91 at 2-3].

In compliance with this briefing schedule, plaintiff filed an Amended Motion for Sanctions on February 12, 2016. [Doc. #95]. February 24, 2016, the Court-ordered response deadline, came and went without any responsive briefing filed by defendants. However, on February 26, 2016, two days **after** the Court's deadline by which defendants were to have responded to any discovery motions, defendants filed a Motion for Extension of Time until February 29,

2016, to respond to the Amended Motion for Sanctions. [Doc. #99]. In the motion, counsel for defendants represented that he was unaware of the filing of the Amended Motion for Sanctions, and that he had been on trial in the Connecticut Superior Court. Id. at 1. Counsel offered no explanation as to why he would not have been aware of the filing of a motion that was electronically docketed. Defense counsel requested until February 29, 2016, to respond to the Amended Motion for Sanctions in order "to complete review of recent deposition transcripts and legal research[.]" Id.

The Court denied defendants' Motion for Extension of Time on the grounds that the motion failed to comply with Local Civil Rule 7(b) and failed to articulate good cause supporting the requested extension. [Doc. #100]. The defendants did not move for reconsideration of that order, and in spite of the order, on March 1, 2016, six days after the deadline and one day after the date requested in defendants' motion for extension of time, defendants filed an Objection to the Amended Motion for Sanctions (the "Objection"). [Doc. #101]. The defendants' Objection does not acknowledge that the Court denied the requested extension, nor that the Objection is untimely. It offers no explanation for the late filing, in a case in which the Court has repeatedly emphasized the need to comply with Court orders and deadlines.

Pursuant to Federal Rule of Civil Procedure 16(f), "[o]n motion or on its own, the court may issue any just orders ... if a party or its attorney ... fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "In deciding whether a sanction is merited, the court need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 454 (S.D.N.Y. 2011) (citation omitted). "The purpose of the sanctions [under Rule 16(f)] is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." Id. (quoting Fonar Corp. v. Magnetic Plus, Inc., 175 F.R.D. 53, 56 (S.D.N.Y.1997)) (footnote omitted).

Here, the Court finds that defendants have failed to obey the Court's unambiguous January 27, 2016, order in two respects: first, by untimely moving to extend the deadline by which to respond to all discovery motions; and second, by filing their Objection despite the Court's denial of the Motion for Extension of Time. Accordingly, in light of the Court's inherent authority to control its own docket, and defendants' failure to comply with this Court's January 27, 2016, briefing schedule and February 26, 2016 docket order, the Court finds that striking the defendants'

untimely Objection is warranted under the circumstances. See Rose v. City of Waterbury, No. 3:12CV291(VLB), 2013 WL 3967649, at *3 (D. Conn. July 31, 2013) (dismissing Second Amended Complaint filed late with no showing of good cause); see also, e.g., Ajamian v. Nimeh, No. 1:14CV0320(GTS)(CFH), 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) (recognizing "the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings"); see also Petrisch, 789 F. Supp. 2d at 455 n.8 ("A federal court may also exercise its discretion to impose sanctions as part of its inherent power to manage its own affairs." (citations and internal quotation marks omitted)). By striking the Objection, the Court ensures that defendants will not benefit from their failure to comply with the Court's orders. The Court further hopes that by striking defendants' Objection, it will serve to deter the parties in general, and the defendants in particular, from disregarding this Court's orders in the future.

Therefore, in light of the Court's ruling above, the Clerk of the Court is hereby directed to **STRIKE** defendants' Objection to the Amended Motion for Sanctions. [Doc. #101]. The Court notes that the defendants previously filed two memoranda in opposition to the plaintiff's original motion for sanctions, which the Court will consider. [Doc. ##76, 88].

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 1st day of March 2016.

                                               /s/
                                      HON. SARAH A. L. MERRIAM
                                      UNITED STATES MAGISTRATE JUDGE