UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NUMBER: |
| | | 3:15-cv-01123 (AVC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| ANGEL HICKS, SAHIL INC., AND | | |
| CHOICE HOTELS INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendants | ) | OCTOBER 5, 2016 |

**MOTION FOR RECONSIDERATION**

Pursuant to Local Rule of Civil Procedure 7 (c), Defendants respectfully submit this Motion for Reconsideration regarding the Ruling on Motion for Sanctions and sets forth the following matters which counsel believes the Court overlooked in its decision dated September 21, 2015 as follows:

1. Mr. Moody was disclosed through discovery compliance upon awareness of his role and relevance, and in response to interrogatories, and the timing of his disclosure was appropriate based on the development of that information;

2. The Hicks' personnel file was disclosed when it came to the attention of counsel, and when defendant became aware of the documents that were responsive to the request; and

3. Plaintiff's counsels failure to confer with defense counsel to resolve their discovery concerns prevented the parties from having a low cost resolution of the additional discovery that they requested and unnecessarily caused costs to be incurred for the motions for sanctions.

A memorandum of law is submitted in support of this motion.

THE DEFENDANTS
ANGEL HICKS and SAHIL INC.,


BY_____/s/ *Andrew S. Turret*_____
       Andrew S. Turret
       Federal Bar # ct07962
       Andrew.Turret@Libertymutual.com
       **Law Offices of Meehan, Roberts, Turret & Rosenbaum**
       108 Leigus Road, 1st Floor
       Wallingford, Connecticut 06492
       Tel. Ph. No. (203) 294-7807
       Fax No. (603) 334-7834

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, ) | CASE NUMBER: | |
| ) | 3:15-cv-01123 (AVC) | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| VS. ) | | |
| ) | | |
| ANGEL HICKS, SAHIL INC., AND | | |
| CHOICE HOTELS INTERNATIONAL, INC. ) | | |
| ) | | |
| Defendants ) | OCTOBER 5, 2016 | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RECONSIDERATION

The defendants respectfully submit that the Ruling on the Motion for Sanctions should be reconsidered by this Court and submit as follows:

I. **INTRODUCTION:**

It is respectfully submitted that Plaintiff has raised discovery issues and inappropriately filed a Motion for Sanctions and for an emergency basis asserting non-existent discovery abuses and without fairly attempting to work out the purported discovery issues with defense counsel. Further, at a telephonic hearing on this motion, plaintiff's counsel incorrectly identified the existence of documents based on a telephone conference he had with a non-party witness, and these incorrect representations impacted the court's rulings on this matter..

Attached as Exhibit 1 to document number 88 is email correspondence received from Attorney Ed Ruberry dated December 30, 2015 at 5:51 p.m., as well as the undersigned counsel's email correspondence in response dated December 31, 2015 at 10:58 a.m. This was the first notice the undersigned counsel received of what Plaintiff counsel has referred to as discovery abuses, and

his demands regarding additional discovery.

As set forth the response to plaintiff's counsel email correspondence, there were no discovery abuses. Due to the continuing duty to disclose the defendants disclosed additional information. Based on the discovery developments we were agreeable to additional discovery, and made a proposal for discovery compliance to resolve plaintiff counsel's concerns. The undersigned received no response to email correspondence, and no rejection of our proposal. As no response was received from plaintiff's counsel, and plaintiff counsel filed the subject motion without notifying defense counsel of the filing of the motion.

## II. SUPPLEMENTAL DISCLOSURES AND COMMUNICATIONS

1. In preparing for the deposition of Sahil and Sahil's review of its files, a personnel file of Ms. Hicks was identified, supplemental disclosure was prepared and provided. This was identified prior to the Sahil deposition.

2. There was no intent to hide this information from plaintiff's counsel prior to the deposition of Hicks. This case has been on an accelerated discovery schedule to accommodate plaintiff's requests regarding the schedule. The undersigned defense counsel was personally tied up on a lengthy wrongful death trial in the Connecticut Superior Court from early November through mid-December of 2015. As soon as that trial ended, the undersigned counsel was engaged in depositions in this case. When learning of additional documentation in preparing Sahil for its deposition, it did not occur to the undersigned that there was any information that was needed for questioning at the Hicks deposition, and the undersigned had supplemental compliance prepared and gotten to plaintiff counsel in advance of the Sahil deposition. At no time at the Sahil deposition did plaintiff counsel express concern of insufficient time to prepare for that deposition based on the receipt of the additional information, plaintiff counsel questioned the Sahil witness thoroughly with the supplemental

disclosure and documentation, and no request was made to keep that deposition open for further questioning.

3. At the Sahil deposition plaintiff counsel used the supplemental compliance, marked it as an exhibit, and questioned the witness on it. At no time did plaintiff counsel raise concerns at the Sahil deposition, or at any of the other depositions taken on December 21st or 22nd that the supplemental compliance impaired the questioning at either the Sahil deposition or the deposition of Hicks.

4. Had plaintiff raised the need for further questioning of Hicks based on the supplemental disclosure, the undersigned counsel would have brought her back for further questioning at the ongoing deposition sessions. The parties were accommodating each other at these depositions regarding additional discovery raised.

5. Following the deposition of Ms. Hicks, based on the questioning of plaintiff's counsel, the undersigned requested the deposition of plaintiff's son. That request was complied with, and that deposition was fit in along with the other depositions taken on December 21st and December 22nd.

6. Following the deposition of Hicks and Sahill, a meeting was held with counsel for plaintiff. No issue was raised by plaintiff counsel about a concern about not having the opportunity to question Sahil further or not being prepared to question the Sahil representative regarding the supplemental compliance. No concern about this was raised until Attorney Ruberry's email of December 30th.

7. Following the depositions of Hicks and Sahill, at the meeting held with plaintiff's counsel at the deposition locations, no issue was raised by plaintiff's counsel about a concern that additional questioning of Hicks was needed based on Sahill's supplemental compliance.

8. At the meeting held with plaintiff's counsel following the depositions, plaintiff counsel

indicated to the undersigned counsel that based on the testimony they would need the deposition of a former employee of Sahil, a Mr. Eric Moody. The undersigned responded by agreeing to the additional deposition, and offering to take steps to contact that former employee and offering to make efforts to make him available for deposition. No concern about this was raised until Attorney Ruberry's email of December 30th.

### III. ERIC MOODY:

Plaintiff makes reference in its motion to a policy handout regarding guest security that Patel drafted for Moody. As set forth in the affidavit of Mr. Patel of Sahil, Inc. (Exhibit 2 to Document 88), at his deposition he was referring to a document titled Standards of Conduct which was already produced with the employment file of Angel Hicks. Mr. Patel sets forth in his affidavit that there is no policy handout or written document that contains the training and instruction regarding guest security identified in response to interrogatory number 5. The training and instruction regarding guest security was verbal. This was further verified at the deposition of Eric Moody (see his affidavit; Exhibit 3 to Doc. #88), wherein he stated that he is not aware of a policy handout or other written document created or maintained by Sahil, Inc. that contains the training and instruction regarding guest security given to Sahil employees..

Plaintiff argues Moody's central importance as a witness to this lawsuit. Respectfully, Moody is a former employee that was not present at the premises at the time of the incident. The defense was not aware of him being a critical witness to this lawsuit, and timely disclosed information about him that came up in response to discovery requests and questioning.

At a meeting with plaintiff counsel following the defense depositions, plaintiff counsel identified that Moody's deposition would be needed, and the undersigned consented and offered to assist attempts to located him and obtain his cooperation for a deposition.

### IV.  ANGEL HICKS:

The undersigned questioned Angel Hicks about her representations to Sahil in applying for employment, because the undersigned became aware that Ms. Hicks did not understand at the time she applied for employment that her past history was considered a conviction, and so that said information would be disclosed to the plaintiff and the plaintiff would have the opportunity to cross exam on the topic of what Ms. Hicks understood at the time.   There was no question or concern about this  raised by plaintiff counsel at the Sahil deposition or after the Sahil deposition.  If a question or concern or need for further questioning based on the receipt of the employment file had been raised, Ms. Hicks could have been brought back for further questioning on December 21 or 22.

In addition, the undersigned made clear in response to the concerns raised just before the filing of the motion, that if plaintiff counsel felt further questioning of Ms. Hicks was needed based on the supplemental disclosures, that she would be made available for further deposition.

### V.   SAHIL:

Plaintiff counsel fully questioned Sahil regarding the supplemental Compliance at the first deposition session.  That supplemental compliance was not a focus of questioning at the second Sahil deposition.  Notably, plaintiff counsel claimed in the subject motion insufficient time to prepare for that deposition because of that supplemental compliance, yet that supplemental compliance was not the focus of questioning.

**Additional Discovery Compliance:**

In the affidavit of Mr. Patel dated January 13, 2016, it was set forth that:

1.   He previously reviewed Sahil, Inc. files for compliance with interrogatories and requests for production.  Based on his review of files and documents the responses were true and accurate to the best of his knowledge and belief.

2. That he conducted additional reviews regarding plaintiff's discovery requests, and the only additional document identified was time cards for the period in question. That was produced through supplemental compliance dated 1/13/16. Notably, no additional employees were identified working in the Quality Inn in the timeframe in question, and the production of the time card resulted in no additional substantive questioning at the follow-up depositions taken.

3. Mr. Patel of Sahil, Inc. also identified in his affidavit additional searches for documents identified in plaintiff's motion to be searched for as follows:

    a. The policy handout referred to at his deposition. As discussed above, he reviewed their files and the testimony, and he was referring to a document titled standards of conduct which was already produced. There is no policy handout that contains the trainng and instruction regarding guest security identified in response to interrogatory number 5. The training and instruction about guest security was verbal. Notably, Mr. Moody verified this at his deposition, and see his attached affidavit.

    b. Documents relevant to Moody's hiring and training of Hicks. No such documents were identified besides the already produced employment file of Hicks. Mr. Moody at his deposition verified that he was unaware of any other files or documentation.

    c. Documents relevant to Moody's monitoring of crime in and around the premises of the Quality Inn. No such documents or files were identified, and Mr. Moody verified at his deposition that he did not create or maintain such files and was unaware of any such files maintained by Sahil, Inc.

    d. Documentation concerning Moody's maintaining of security cameras. No

such documentation or files were identified. Further, Mr. Moody identified a his deposition that he did not recall creating or maintaining files regarding security cameras at the Quality Inn.

e. Any memorandum, letters or other notes by Mr. Moody regarding the incident. No such records or files were identified by the search. Further, Mr. Moody verified at his deposition that he has no recollection of creating or maintain any memorandum, letters or other notes regarding the subject incident, nor was he aware of any files maintained by Sahil, Inc. with such documentation.

## VI. PLAINTIFF'S FAILURE TO TAKE PROPER STEPS TO RESOLVE DISCOVERY DISPUTE

The Rules require counsel to attempt to work out a discovery dispute prior to filing a motion. Pursuant to Federal Rule of Civil Procedure 37 (a) (1):

On notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery. The motion must include **a certification the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action**.

In response to plaintiff counsel raising concerns about discovery in a December 30 email, the undersigned made a proposal to resolve all of his concerns (which it did). At the close of the undersigned counsel's response, it was indicated that if for any reason he did not agree with my proposal, to confer with me further. There was no response to the proposal, nor attempt to confer further, and instead the motion was filed. We will never know, but a solution to any remaining concerns may have been brought about. Based on plaintiff's counsels failure to make full efforts to resolve the issues on the motion, unnecessary expenses of this motion were incurred.

### VII.     Plaintiff Incorrectly Advised the Court about categories of documents that Did Not Exist

On the conference call with the Court on January 6, 2016, plaintiff counsel advised the Court and counsel of a conference call he had with Sahil's former employee Eric Moody. He also advised that he learned from Mr. Moody of the existence of documentation concerning surveillance cameras, documentation regarding monitoring of crime around the premises, and documentation concerning the subject incident.

At the deposition of Eric Moody, plaintiff counsel asked no questions of Mr. Moody about such documentation. Upon defense counsels cross exam about such documentation, it was learned that Mr. Moody did not recall creating or maintaining such information, nor was he aware of Sahil creating or maintaining such information.

See also Mr. Moody's affidavit attached as an Exhibit to Document #88 (p. 23 -24 of Document #88), which sets forth that he was unaware of any such documentation, which is the documentation that plaintiff counsel claimed existed at the January 6, 2016 conference call with the Court.

**WHEREFORE,** it is respectfully submitted that this Court should reconsider its ruling on the motions for sanctions as there have been no discovery abuses, full cooperation in discovery by the defense, and full agreement to additional discovery by the defense in response to new information developed in discovery, plaintiff's motion for sanctions should be denied. Further, there was a failure by plaintiff's counsel to attempt to resolve issues prior to the filing of these discovery motions.

        THE DEFENDANTS
        ANGEL HICKS and SAHIL INC.,


BY     /s/ *Andrew S. Turret*
           Andrew S. Turret
           Federal Bar # ct07962
           Andrew.Turret@Libertymutual.com
           **Law Offices of Meehan, Roberts, Turret & Rosenbaum**
           108 Leigus Road, 1st Floor
           Wallingford, Connecticut 06492
           Tel. Ph. No. (203) 294-7807
           Fax No. (603) 334-7834

# **CERTIFICATION**

This is to certify that on October 5, 2016, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the District of Connecticut's Local Rules and or the District of Connecticut's rules on Electronic Service upon the following counsel of record:

***Plaintiff's Counsel:***
**Alexander R. Hess**
**Edward F. Ruberry**
**Ellen D. Jenkins**
Ruberry, Stalmack & Garvey
500 West Madison St., Suite 2300
Chicago, IL 60661-2511
312-466-8050
Fax: 312-466-8055
Email: alex.hess@rsg-law.com
Email: ed.ruberry@rsg-law.com
Email: ellen.jenkins@rsg-law.com

**Lawrence H. Adler**
**William B. Wynne**
Adler Law Group LLC
111 Founders Plaza Suite 1102
East Hartford, CT 06108
860-282-8686
Fax: 860-282-8688
Email: ladler@adlerlawgroupllc.com
Email: wwynne@adlerlawgroupllc.com

                                                     */s/ Andrew S. Turret*
                                                     Andrew S. Turret
                                                     Commissioner of the Superior Court