```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
JANE DOE                      :     Civil No. 3:15CV01123(AVC)
                              :
v.                            :
                              :
HICKS, et al.                 :     October 31, 2016
                              :
------------------------------x
```

### RULING ON MOTION FOR RECONSIDERATION [Doc. #130]

Pending before the Court is a motion [Doc. #130] by defendant Sahil, Inc. ("defendant Sahil") seeking reconsideration of this Court's Ruling on Amended Motion for Sanctions [Doc. #129]. Plaintiff Jane Doe ("plaintiff") has filed a Memorandum of Law in Opposition to Defendants' Motion for Reconsideration. [Doc. #132]. For the reasons set forth herein, the Court **DENIES** defendant's Motion for Reconsideration. [**Doc. #130**].

### I.  Background

The Court presumes familiarity with the background of this matter, which is recited in the Court's Ruling on Amended Motion for Sanctions. See Doc. #129. For purposes of this Ruling, however, the Court will briefly address the background leading to the present motion for reconsideration.

Following several conferences with the Court, on February 12, 2016, plaintiff filed an Amended Motion for Sanctions against defendant Sahil. [Doc. #95]. Defendant Sahil filed an untimely

1

response to the Amended Motion for Sanctions, which the Court ordered stricken. [Doc. #102]. Nevertheless, the Court considered defendant Sahil's previously filed memoranda in opposition to plaintiff's original motion for sanctions, which are docket entries 76 and 88. See Doc. #102 at 5. In the Amended Motion for Sanctions, plaintiff alleged a number of discovery abuses by defendant Sahil, but sought the imposition of sanctions for only two specific violations of Rule 26: (1) the failure to identify Mr. Moody in the initial disclosures as an individual with discoverable information; and (2) the failure to timely disclose Hicks' personnel file. See Doc. #95-1 at 14.

After considering the parties' arguments, and applying the relevant standards, the Court found that sanctions under Rule 37 were warranted for: (1) defendant Sahil's failure to identify its former employee, Mr. Moody, as an individual with discoverable information in its initial disclosures; and (2) the untimely disclosure of defendant Hicks' personnel file. See Doc. #129 at 21, 25. Defendant Sahil now seeks reconsideration of these findings.

**II. Legal Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §4478 at 90). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. ... It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91-92 (D. Conn. 2006) (citing Lopez v. Smiley, 375 F.Supp.2d 19, 21–22 (D. Conn. 2005)) (internal citation and quotation marks omitted), aff'd in part, vacated in part, remanded sub nom. SPGGC, LLC v. Blumenthal, 505 F.3d 183 (2d Cir. 2007).

**III. Discussion**

Defendant Sahil timely filed the motion for reconsideration now at issue, and contends that the Court overlooked the following matters in its original Ruling: (1) that Mr. Moody was timely "disclosed through discovery compliance upon awareness of his role and relevance"; (2) "Hicks' personnel file was disclosed when it

came to the attention of counsel, and when defendant became aware of the documents that were responsive to the request;" and (3) plaintiff's counsel's failure to confer with defense counsel to resolve their discovery concerns prevented the parties from "having a low cost resolution" and "unnecessarily caused costs to be incurred for the motion for sanctions." Doc. #130 at 1.

Had defendant Sahil included in its motion the standard for granting a motion for reconsideration, defendant Sahil would have been forced to acknowledge that the standard is strict, see Shrader, 70 F.3d at 257, and that a motion to reconsider is not appropriate to "re-litigate an issue already decided." SPGGC, 408 F. Supp. 2d at 91-92. Defendant Sahil's motion does not raise an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Rather, the motion simply reiterates, largely verbatim, the arguments raised in its original opposition. Compare Doc. #88, with Doc. #130. As Judge Meyer aptly stated:

> The fact that counsel feels upset or disappointed with a judge's ruling is not grounds for a motion to reconsider. Nor should counsel file a motion for reconsideration on the assumption that a judge did not bother to read or understand counsel's prior pleading — or on the assumption that a masterful cut-and-paste of prior points posited will elicit an epiphany from a hard-headed jurist who was unwilling or unable to comprehend "the truth" when presented by counsel in its first incarnation. Needless to say, clients are less than

4

> well-served by counsel who file groundless motions in ignorance of controlling standards of law.

Mercedes Zee Corp., LLC v. Seneca Ins. Co., Inc., Civ. No. 14CV119(JAM), slip. op. at 2 (D. Conn. Sept. 16, 2016). Here, defendant Sahil attempts to re-litigate the same issues already decided by reasserting its contentions through a largely cut and pasted brief. "Beyond this needless exercise in redundancy, the motion for reconsideration does not cite or acknowledge the legal standard that governs a motion for reconsideration. [Defendant Sahil] has ignored governing law and done nothing to satisfy it." Id. Accordingly, the Motion for Reconsideration [**Doc. #130**] is **DENIED**.[1]

**IV. Conclusion**

Thus, for the reasons articulated above, the Court **DENIES** defendant Sahil's Motion for Reconsideration. [**Doc. #130**].

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R.

---

[1] Additionally, the Court disagrees with defendant Sahil's contention that the Court overlooked the three matters outlined at the beginning of this discussion. To the contrary, the Court explicitly acknowledged these points in its Ruling on the Amended Motion for Sanctions. See Doc. #129 at 8-9, 13, 19-20, 22, 29. Indeed, defendant Sahil's Motion for Reconsideration turns a blind eye to the explicit bases upon which sanctions were awarded.

Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

    SO ORDERED at New Haven, Connecticut this 31st day of November 2016.

                                /s/
                        HON. SARAH A. L. MERRIAM
                        UNITED STATES MAGISTRATE JUDGE